JAP:DCW

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

# M11-291

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

     - against -

CHARLENE A. WALKER,

           Defendant.

C O M P L A I N T

(26 U.S.C. § 7206(2))

- - - - - - - - - - - - - - - - -X
EASTERN DISTRICT OF NEW YORK, SS:

        CHRISTOPHER CABANE, being duly sworn, deposes and states that he is a Special Agent with the Internal Revenue Service ("IRS"), duly appointed according to law and acting as such.

        Upon information and belief, in or about and between April 2005 and April 2008, both dates being approximate and inclusive, within the Eastern District of New York, the defendant CHARLENE A. WALKER did knowingly and willfully aid and assist in and procure, counsel and advise the preparation and presentation to the IRS, under the internal revenue laws, of United States Individual Income Tax Returns, which returns were false and fraudulent as to material matters.

        (Title 26, United States Code, Section 7206(2)).

The source of your deponent's information and the grounds for his belief are as follows:[1]

1.   I am a Special Agent with the IRS, Criminal Investigative Division.  I have been a Special Agent with the IRS for more than three years.  My responsibilities as a Special Agent include investigating violations of the Internal Revenue Code and related statutes.  The information contained in this affidavit is based on, among other things, my training and experience, my review of IRS and other records, including tax returns prepared by the defendant, CHARLENE A. WALKER, my interviews of witnesses and my conversations with IRS Special Agents who have interviewed witnesses, and my conversations with employees of the IRS, Brookhaven Service Campus.

2.   The defendant, CHARLENE A. WALKER, was a tax preparer who owned and operated a tax preparation business named Reliable & Honest Tax Corporation, located on Lexington Avenue in Bedford-Stuyvesant, Brooklyn, New York.

3.   The defendant, CHARLENE A. WALKER, came to the attention of the IRS as a result of a referral from the Brookhaven Fraud Detection Center ("FDC").  The FDC began to flag returns prepared by WALKER because the returns she prepared for

---

[1]   Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause, I have not described all the relevant facts and circumstances of which I am aware.

the 2004 through 2006 tax years exhibited suspiciously high refund rates as a result of what appeared to be excessive Schedule A and E deductions.  Additionally, the IRS Small Business-Self Employed operating division referred WALKER to IRS Special Agents.  An audit of the defendant's tax returns revealed that she had substantially under reported her income from her tax preparation business.

4.   I and other IRS agents have interviewed taxpayers for whom the defendant, CHARLENE A. WALKER, filed fraudulent individual income tax returns (Forms 1040) for the years 2004 through 2007.  These taxpayers were referred to WALKER by friends, co-workers, family members and other clients of WALKER.

5.   Most of the taxpayers I interviewed stated, in sum and substance and in part, that after preparing their tax returns, WALKER typically did not review the completed tax returns with them before they were filed, and that they relied on WALKER's expertise to prepare an accurate tax return.

6.   As part of this investigation, I have reviewed at least twenty-nine tax returns that were prepared by the defendant CHARLENE A. WALKER.  These tax returns were filed in or about and between April 2005 and April 2008 and covered the tax years 2004 through 2007.  Almost all of these tax returns sought refunds. WALKER typically filed the tax returns electronically and deducted her fee from the refunds.  Based on my training and

-3-

experience and my interviews of taxpayers who used WALKER to prepare their tax returns, I believe that these tax returns contain false and vastly overstated itemized deductions, including charitable contributions, unreimbursed business expenses and other items. The investigation has revealed that WALKER intentionally fabricated expenses or inflated legitimate deductions for each of these taxpayers.

7. For example, during an interview, Taxpayer A stated, in sum and substance and in part, that defendant WALKER prepared his 2006 and 2007 tax returns.

8. I reviewed Taxpayer A's individual 2006 and 2007 Federal income tax returns with him. The tax returns included deductions for charitable contributions in the amounts of $4,370 and $4,978, respectively. Taxpayer A stated, in sum and substance and in part, that the amount listed in charitable contributions on both his 2006 and 2007 tax returns were falsely overstated and that he did not provide these false figures to WALKER. In fact, Taxpayer A stated that he told WALKER that during those tax years, he did not make any charitable contributions.

9. Taxpayer A's individual 2006 and 2007 Federal income tax returns also included deductions for business expenses of $9,102 and $8,844, respectively. Taxpayer A stated that these figures were wrong, and included, among other things, overstated

-4-

amounts that he purportedly paid for union dues, job related travel expenses, supplies, copies, overnight travel and professional attire and upkeep. Taxpayer A stated that he did not provide these false job expenses to WALKER.

10. Taxpayer A's tax return for 2006 claimed a refund of $4,189, which Taxpayer A received. Taxpayer A's 2007 tax return claimed a refund of $2,463 which he also received.

11. I have also interviewed Taxpayer B, and reviewed Taxpayer B's Federal income tax returns for the 2004, 2005, 2006 and 2007 tax years. Taxpayer B stated in sum and substance and in part that he did not give $2,961, $5,783, $6,028 and $3,873 in charitable contributions for the years 2004, 2005, 2006 and 2007, respectively. Taxpayer B stated that he did not tell WALKER that he contributed those amounts, and did not tell her to report those false amounts on his tax returns.

12. Taxpayer B stated in sum and substance and in part that he did not spend $10,477, $8,424 and $5,591 in business expenses for the years 2005, 2006 and 2007, respectively. These figures were wrong because they overstated Taxpayer B's actual business expenses for those tax years. Taxpayer B stated that among other things, these figures included overstated amounts that he purportedly paid for uniform and upkeep expenses, supplies and safety shoes and boots. Taxpayer B did not tell WALKER that he had business expenses in the amounts reported on

-5-

his tax returns, and he did not instruct WALKER to report those amounts on his returns.

13. Taxpayer B's tax returns for 2004, 2005, 2006 and 2007 claimed the following refunds: $7,052 (2004); $4,126 (2005); $7,642 (2006); and $6,673 (2007). Taxpayer B received these refund amounts.

14. On April 14, 2008, an undercover "shopping" operation was conducted at CHARLENE A. WALKER's tax preparation business, Reliable & Honest Tax Corporation, in Brooklyn, New York. During the undercover operation, WALKER prepared a false tax return for an undercover agent posing as a new client. The return that WALKER prepared falsely generated a tax refund of $1,251 for the undercover agent rather than a tax liability of $324. The return that WALKER prepared for the undercover agent included falsified deductions for charitable contributions and job expenses that the undercover did not provide to WALKER.

15. For example, during the undercover operation, the undercover agent submitted a W-2 form that indicated that she worked for a bank. WALKER asked the undercover agent if her employer reimbursed her for cell phone expenses. The undercover agent responded that her employer did not give her a cell phone. Thereafter, WALKER did not ask the undercover agent any other questions about her job related expenses. Nonetheless, WALKER reported on the undercover agent's tax return that she had $5,630

-6-

in job related expenses, including expenses for supplies, professional attire and upkeep, a cell phone and internet use.

16.  Additionally, WALKER asked the undercover agent if she made contributions at church.  The undercover agent responded that she gave "a couple of dollars here, a couple of dollars there."  WALKER then reported on the undercover agent's tax return that the undercover agent made cash charitable contributions in the amount of $2,385.

17.  Based on my review of twenty-nine false and fraudulent tax returns prepared by the defendant, CHARLENE A. WALKER, and the interviews of the corresponding taxpayers, I believe that the tax loss to the government resulting from the false and inflated Schedule A and E deductions claimed by WALKER is at least $135,000.

WHEREFORE, your deponent respectfully requests that the defendant CHARLENE A. WALKER be dealt with according to law.

_____
CHRISTOPHER CABANE
Special Agent
Internal Revenue Service

Sworn to before me this
21st day of March, 2011

-8-